IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW CHINEME (ANDRE OF THE CHINEME FAMILY),<br>　　　Plaintiff,<br><br>v.<br><br>MEGAN SUAREZ MAHAN,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§   No. 3:21-cv-01812-N (BT)<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro* se civil action brought by Andre Chineme (Andre of the Chineme Family). For the following reasons, the Court should dismiss the amended complaint for want of prosecution under Fed. R. Civ. P. 41(b).

I.

This case was filed on August 4, 2021. At that time, Chineme did not pay the $402 filing fee, but he did file a motion to proceed *in forma pauperis*. Chineme refused to provide all the information necessary to complete his motion to proceed *in forma pauperis*. On August 16, 2021, the Court deemed his *in forma pauperis* motion as moot and informed him that he had to pay the $402.00 filing fee by August 27, 2021. The Court warned Chineme that failure to pay the filing fee by August 27, 2021, could result in a recommendation that his amended complaint be dismissed under Federal Rule of Civil Procedure 41(b).

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Chineme failed to properly respond to the Court's Order directing him to pay the filing fee. Specifically, he returned a copy of the Court's August 6, 2021 Notice of Deficiency and Order with "frivolous" written all over it, and he also returned a copy of the Court's August 12, 2021 Findings, Conclusions, and Recommendation. However, Chineme failed to pay the filing fee. This case cannot proceed until this deficiency is cured. Accordingly, the amended complaint should be dismissed for want of prosecution.

III.

The Court should dismiss the amended complaint without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed September 10, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).